UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVIS TOTTEN,

       Plaintiff,                      CIVIL ACTION NO. 11-12485

       v.                           DISTRICT JUDGE SEAN F. COX

C. CALDWELL, RAYMOND        MAGISTRATE JUDGE MARK A. RANDON
D. BOOKER, T. POPE, MARVA
MYLES And SAMUEL SURLES,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO MAKE PHOTOCOPIES OF RELIGIOUS MATERIALS (DKT. NO. 4)**

Plaintiff Davis Totten, a Muslim prisoner, brought suit under 42 U.S.C. § 1983 against several defendants – officials at the Ryan Road Correctional Facility in Detroit, Michigan ("Ryan Road").  Plaintiff alleges that the defendants discriminate against Muslims and deny them the right to practice their faith in violation of the First and Fourteenth Amendments to the United States Constitution.[1]  This matter is before the Court on Plaintiff's motion for an order requiring Ryan Road library staff to allow him to make copies of portions of various Islamic texts that support his claims (Dkt. No. 4).

Plaintiff's complaint allegations are directed towards officials at Ryan Road. However, on or about October 26, 2011, Plaintiff was transferred from Ryan Road to Parnall Correctional Facility ("Parnall") (Dkt. No. 15).  In February 2012, Plaintiff was

---

[1] Plaintiff's Complaint names Samuel Surles as a co-Plaintiff and is alleged to be filed on behalf of other similarly situated Muslims; however, Surles did not sign the complaint and this Court has not certified the case as a class action.

transferred from Parnall to Bootcamp SAI (Dkt. No. 22).  Because Plaintiff is no longer housed at Ryan Road, his request to be able to make copies of religious texts at the Ryan Road library be denied as moot. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding that a prisoner's request for injunctive relief from prison inspection of his mail was moot because he had been transferred to a different facility that did not search his mail).

Accordingly, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the

court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                               s/Mark A. Randon
                                               Mark A. Randon
                                               United States Magistrate Judge

Dated: February 21, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, February 21, 2012, electronically.*

                                               *s/Melody R. Miles*
                                               *Case Manager to Magistrate Judge Mark A. Randon*