UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Davis Totten,

      Plaintiff,

v.                                 Case No.  11-12485

                                 Honorable Sean F. Cox

Carron Caldwell, Raymond D. Booker,
Tina Pope, and Marva Myles,

      Defendants.

_____/

## ORDER
## ACCEPTING AND ADOPTING 7/31/12 REPORT AND RECOMMENDATION,
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART AND
## DENYING IT IN PART,
## DISMISSING WITHOUT PREJUDICE ANY CLAIMS ASSERTED
## ON BEHALF OF SAMUEL SURLES,
## AND NOTICE OF MANDATORY STATUS CONFERENCE

Acting *pro se*, Plaintiff Davis Totten ("Totten")[1] filed this § 1983 action against

Defendants Carron Caldwell ("Caldwell"), Raymond D. Booker ("Booker"), Tina Pope

---

[1] The caption of Totten's complaint lists Totten's name only and Totten alone signed the pleadings.  The body, however, and other filings, appear to indicate that Totten also purports to bring this action on behalf of another person, Samuel Lewis Surles.  It is well established, however, that a party in federal court must proceed either through licensed counsel or on his or her own behalf.  *See* 28 U.S.C. § 1654; *see also* FED. R. CIV. P. 11(a). ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney or record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.").  Plaintiff is not a licensed attorney and he therefore may not represent Mr. Surles.  *Jackson v. Caldwell*, 2009 WL 4042917 (E.D. Mich. 2009); *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002).  Where a person attempts to proceed *pro se* on behalf of another, the appropriate remedy is dismissal.  *Id*.  Thus, to the extent that Plaintiff's complaint seeks to assert claims on behalf of Mr. Surles, this Court shall dismiss any such claims without prejudice.

("Pope"), and Marva Myles ("Myles").  Defendants are employees at the Ryan Correctional Facility, who are each sued in their individual capacity.  Caldwell is the Chaplin, Booker is the Warden, Pope is the Food Service Assistant Director, and Myles is the Grievance Coordinator.

At the time of the incident alleged in the complaint, and at the time he filed this action, Totten was an inmate at the Ryan Correctional Facility.

Plaintiff's *pro se* complaint, which alleges religious discrimination, asserts § 1983 claims against Defendants, based upon multiple alleged incidents.

On September 14, 2011, this matter was referred to Magistrate Judge Mark Randon for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C).  (Docket Entry No. 12).

On November 18, 2011, Defendants filed a Motion for Summary Judgment, asserting that the Court should grant summary judgment in favor of Defendants because they are entitled to qualified immunity.  (Docket Entry No. 17).  Totten filed a response opposing the motion. (Docket Entry No. 18).

Totten submitted an application requesting appointment of counsel in this matter. Magistrate Judge Randon denied that application for appointment of counsel, without prejudice, on February 27, 2012.  (Docket Entry No. 24).

On June 4, 2012, Totten filed a Notice of Change of Address (Docket Entry No. 26), indicating that he was released from custody on May 15, 2012, and that his current address is 555 E. Hume Street Muskegon, Michigan 49444.

On June 31, 2012, Magistrate Judge Randon issued a Report and Recommendation ("R&R") wherein he recommends that the Court grant the Defendants' Motion for Summary

Judgment in part and deny it in part.  The R&R recommends that the Court deny the motion as to Totten's claim that Defendant Caldwell violated his First Amendment right by failing to schedule the Ed-al-Adha prayer service.  The R&R recommends that all remaining claims be dismissed with prejudice.  (Docket Entry No. 27).

The docket reflects that the R&R was served upon Totten at the current address he provided to the Court.  (*See* 7/31/12 Text-Only Docket Entry).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made."  *Id*.

The time for filing objections to the R&R has expired and the docket reflects that objections to the R&R have not been filed by any party.

Accordingly, the Court hereby ACCEPTS AND ADOPTS the July 31, 2012 R&R.  IT IS ORDERED that Defendants' Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.  The Motion is DENIED as to Totten's claim that Defendant Caldwell violated his First Amendment right by failing to schedule the Ed-al-Adha prayer service.  The Motion is GRANTED as to all remaining claims, which are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that, to the extent that Plaintiff's complaint seeks to assert claims on behalf of Samuel Lewis Surles, all such claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the remaining parties, Totten and Caldwell, shall

appear before this Court for a Mandatory Status Conference on **October 2, 2012, at 2:00 p.m.**

**The parties are advised that failure to appear may result in sanctions, up to and including**

**dismissal of this action or entry of a default judgment.**

      IT IS SO ORDERED.


Dated:  September 11, 2012                S/ Sean F. Cox_____
                                        U. S. District Court Judge


I hereby certify that on September 11, 2012, the foregoing document was served upon counsel of record by electronic means and upon Davis Totten by First Class Mail at the address below:

Davis Totten
555 E. Hume Street
Muskegon, MI 49444


Dated:  September 11, 2012                S/ J. Hernandez McCoy_____
                                        Case Manager

4